IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| **ELLEN PAINTER AND ROBERT HIGHTOWER, individually, and on behalf of all others similarly situated,** )<br>)<br>)<br>)<br>**Plaintiffs,** )<br>)<br>**v.** )<br>)<br>**L'ORÉAL USA, INC.,** )<br>)<br>**Defendant.** ) | Case No.: 6:24-cv-03077-MDH |

## ORDER

Before the Court is Plaintiffs' Motion for Transfer to the United States District Court for the District of Hawaii (Doc. 18) and Defendant's Motion for Transfer to the United States District Court for the Southern District of New York. (Doc. 23). For the reasons stated herein, the Court **GRANTS** Plaintiff's Motion for Transfer and **DENIES** Defendant's Motion to Transfer.

## BACKGROUND

This case arises out of a class action lawsuit regarding Defendant L'Oréal USA, Inc.'s manufacturing, distribution, advertising, marketing, and sale of CeraVe® Cream benzoyl peroxide products ("BPO") that Plaintiff's allege contain dangerously high levels of benzene, a carcinogen that has been linked to leukemia and other blood cancers. Plaintiffs bought these products in Missouri and allege had they known about the high level of benzene they would not have purchased the product. Plaintiffs are Missouri residents who are suing individually and on behalf of those similarly situated. Defendant is a Delaware corporation with its principal place of business in New York. Plaintiffs are suing on state law claims of (1) a violation of the Missouri Merchandising

1

Practices Act; (2) Fraud by omission/concealment; (3) negligent misrepresentation; and (4) unjust enrichment.

This case is a part of five other similar class actions lawsuit across the country alleging high levels of benzene in Defendant's BPO products. The first suit filed was *Snow v. L'Oréal USA, Inc., et al.*, Case No. 1:24-00110 in the District of Hawaii on March 8, 2024. Two cases are currently being adjudicated in the Southern District of New York. Plaintiff is seeking to transfer this case to the District of Hawaii pursuant to the first-filed rule. Defendant is seeking to transfer this case to the Southern District of New York under 28 U.S.C. § 1404(a).

## STANDARD

The Court has a duty to adjudicate a controversy properly before it. *Colorado River Water Conservation Dist. V. United States*, 424 U.S. 800, 813, 96 S.Ct. 1236, 47 L.Ed. 2d 483 (1976). However, in cases of parallel litigation, federal courts follow the first-to-file rule. This rule is part of the "doctrine of federal comity," which "permits a court to decline jurisdiction over an action when a complaint involving the same parties and issues has already been filed in another district. *Orthmann v. Apple River Campground, Inc.*, 765 F.2d 119, 121 (8th Cir. 1985). The cases do not have to be identical as to parties and/or issues, but must be so related that there is substantial overlap between the cases regarding the issues raised. *Gray Mfg. Co., Inc v. Vehicle Serv. Grp., LLC*, No. 18-06001-CV-SJ-GAF, 2018 WL 11411258, at *2 (W.D. Mo. June 5, 2018) (citing *G.S. Robins & Co. v. Alexander Chem. Corp.*, 2011 WL 1431324, at *2 (E.D. Mo. Apr. 14, 2011). The rule gives priority in parallel litigation to the party who first establishes jurisdiction. *Nw. Airlines, Inc. v. Am. Airlines, Inc.*, 989 F.2d, 1002, 1006 (8th Cir. 1993). "The … rule is one that is meant to prevent duplicative litigation and conflicting judgments, as well as to conserve judicial resources." *Gray Mfg. Co., Inc v. Vehicle Serv. Grp., LLC*, No. 18-06001-CV-SJ-GAF, 2018 WL

11411258, at *2 (W.D. Mo. June 5, 2018) (quoting *Fochtman v. CAAIR, Inc.*, No. 5:17-CV-5228, 2018 WL 1092345, at *5 (W.D. Ark. Feb. 27, 2018). "The prevailing standard is that in the absence of compelling circumstances, the first-filed rule should apply." *Mastercard Int'l v. ACI Worldwide Corp.*, No. 4:13CV2119 HEA, 2014 WL 2945779, at *1 (E.D. Mo. June 30, 2014).

## ANALYSIS

### I. Parallel Litigation Exists Between the Current Case and *Snow*

Parallel litigation exists between this case and *Snow*. Both cases share the same Defendant (Complaint ¶ 11; Doc. 23-4, ¶ 16), involve claims that Defendant's BPO products contain harmful levels of benzene (Complaint ¶¶ 35-42, Doc. 23-4, ¶¶ 51-58) and Plaintiffs alleged they would not have purchased the BPO products had they know those products contained benzene (Complaint ¶ 81, Doc. 23-4, ¶¶ 70-71). The Complaints assert identical issues of law and fact relating to findings of benzene contamination/degradation in Defendant's BPO products. (Complaint ¶¶ 8-9, Doc. 23-4, ¶ 89). Further, the Plaintiff's in each case seek the same relief. (Complaint ¶¶ A-J, Doc. 23-4, IX ¶¶ 1-10). *Snow* is asserting a national class action, that encompasses various subclasses, including Missouri plaintiffs. (Doc. 23-4, ¶ 14). *Snow* also includes a count under Missouri state statutes.[1] (Doc. 23-4, ¶ 134). While Defendant highlights that different BPO products are claimed between the two cases, that alone does not arise to a level that would defeat parallel litigation. The Court finds there is sufficient evidence to show the present case and *Snow* are in parallel litigation. Therefore, the District of Hawaii therefore is the proper jurisdiction under the first-to-file rule.

### II. No Exceptions to the First-Filed Rule Weigh Against Transfer to Hawaii

There are two recognized exceptions to the first-filed rule: (1) balance of convenience; and (2) compelling circumstances. *See Hynes Aviation Indus., Inc. v. Sacramento E.D.M., Inc.*, No.

---

[1] The Snow complaint alleges that Defendant violated the Missouri Merchandising Practices Act.

3

6:12-CV-03521-BCW, 2013 WL 12198837, at *1 (W.D. Mo. Aug. 1, 2013). Compelling circumstances apply when the first-filed suit was filed after the other party gave notice of its intention to sue; and the first-filed suit is for declaratory judgment. The compelling circumstances exception was to ensure that the first-filed rule would not benefit those who would "race to the courthouse" in an attempt to preempt the natural plaintiff from his or her choice of forum. *See NW. Airlines, Inc. v. Am. Airlines, Inc.*, 989 F.2d 1002, 1007 (8th Cir. 1993). Additionally, compelling circumstances were found when the second-filed suit had progressed significantly further than the first-filed suit. *See Orthmann v. Apple River Campground, Inc.*, 765 F.2d 119, 121 (8th Cir. 1985). Compelling circumstances do not exist in this case.

"The balance of convenience exception can be analogized to the convenience factors under 28 U.S.C. § 1404(a)," *Hynes Aviation*, 2013 WL 12198837, at 3–4. Under § 1404, the Court must weigh a number of factors, including (1) the convenience of the parties, (2) the convenience of the witnesses and (3) the interests of justice. *Id.* (citing 28 U.S.C. § 1404(a)). The Eighth Circuit has declined to offer an "exhaustive list of specific factors to consider in making the transfer decision. *In re Apple, Inc.*, 602 F.3d 909, 912 (8th Cir. 2010). However, district courts should weigh any "case-specific factors" relevant to convenience and fairness to determine whether transfer is warranted. *Id. See also Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29, 108 S.Ct. 2239, 101 L.Ed.2d 22 (1988).

Defendant argues that the balance of convenience exception applies in this case. Defendant asserts the convenience of the parties weights in favor of transfer to New York and against transfer to Hawaii alleging it would be inconvenient for both parties to litigate the case in Hawaii. Additionally, the Defendant's state of residence is New York where most of the company's witnesses are likely to reside and where most of the evidence is located. Second, Defendant states

that having their witnesses travel to Hawaii compared to New York would be burdensome. Third, Defendant argues that Plaintiff's choice of forum should be afforded less deference since Plaintiff is asking for transfer in a distant forum with no connection to the parties or the underlying dispute. Lastly, judicial economy would not be served based on the first-filing court to have to rule on jurisdictional issues.

The convenience of the parties and witnesses is neutral and neither favors transfer to either Hawaii or New York. Plaintiffs and their witnesses would experience inconvenience whether the forum is Hawaii or New York as both locations are away from Missouri. While Defendants and their witnesses may find some convenance within New York, it does not escape the burden they will face having to travel to Hawaii for the first-filed action. A second action in the District of Hawaii would be minimal to Defendant and their corporate witnesses having to be present for the ongoing litigation in the first-filed case.

The interest of justice factor does favor transfer to the District of Hawaii. The Court must give great weight to the plaintiff's choice of a proper venue. *Anheuser-Busch, Inc. v. City Merch.*, 176 F. Supp. 2d 951, 959 (E.D. Mo. 2001). That choice should only be disturbed upon a clear showing that the balance of interests weighs in favor of the movant's choice of venue. *General Committee of Adjustment v. Burlington N. R.R.*, 895 F. Supp. 249, 252 (E.D.Mo.1995). However, the Plaintiffs' choice is afforded significantly less deference when the plaintiff does not reside, and the underlying events did not occur, in the chosen forum. *Dube v. Wyeth LLC*, 943 F. Supp. 2d 1004, 1007 (E.D. Mo. 2013). Even though Plaintiffs' motion to transfer does point to a venue where plaintiffs do not reside, the similarity of the underlying events and the encapsulation of the Missouri subclass shows Hawaii is a proper venue that is accorded great weight. In addition, judicial economy would be best served by the District of Hawaii as the proceeding in the first-filed

case has continued to progress since March 8, 2024. The *Snow* case will be adjudicating matters relating to the Missouri subclass and analyzing various state statues from 13 states including Missouri.[2] (Doc. 23-4 page 54). The District of Hawaii having more time to parse through the underlying factual and legal issues would warrant a better handling of the current case even if having to decide on an underlying jurisdictional issue. As the balance of interests weigh in favor of transfer to the District of Hawaii, this Court finds no reason to disrupt the first-to-file rule.

### III. The First-File Rule Does Not Require Satisfaction with 28 U.S.C. 1404(a).

Defendant argues that the District of Hawaii does not have personal jurisdiction over L'Oréal USA in Hawaii, and venue does not properly lie within that district. The Eighth Circuit has not held that a court can apply the first-filed rule only after it established that jurisdiction in the first venue is proper. *Advanced Physical Therapy, LLC v. Apex Physical Therapy, LLC*, No. 17-3149-CV-S-BP, 2017 WL 9717215, at *2 (W.D. Mo. July 6, 2017). "While the likelihood of a jurisdictional dispute in the first-filed court may be a factor to consider in applying the rule, resolving the dispute in favor of that court's jurisdiction is never a condition precedent to applying it." *Id*. (quoting *Cadle Co. v. Whataburger of Alice, Inc.*, 174 F.3d 599, 605 (5th Cir. 1999). The first-filed rule is solely to determine which federal district court will resolve the issues in two identical cases, while section 1404(a) is used to determine the venue in which a dispute will be litigated to conclusion. *Advanced Physical Therapy, LLC v. Apex Physical Therapy, LLC*, No. 17-3149-CV-S-BP, 2017 WL 9717215, at *2 (W.D. Mo. July 6, 2017). The first-filed rule dictates not only which forum is appropriate, but also which forum should *decide* which forum is appropriate. *EMC Corp. V. Parallel Iron, LLC*, 914 F. Supp. 2d 125, 129 (D. Mass. 2012)

---

[2] The *Snow* Complaint in Count D alleges deceptive trade practices under various state statutes, on behalf of the California, Connecticut, Hawaii, Illinois, Maryland, Massachusetts, Missouri, New York, Nevada, Pennsylvania, Ohio, Rhode Island, and Washington subclasses.

(emphasis in original). If the first-filed court believes it does not have personal jurisdiction or venue is improper, it may transfer the case.

## CONCLUSION

A parallel case, raising the same issues as this one, was filed before this suit was commenced and is pending in the District of Hawaii. There are no compelling reasons not to apply the first-filed rule and transfer this case to the District of Hawaii where it can be adjudicated in tandem with the suit already pending. For the reasons stated herein, Plaintiff's motion is **GRANTED** and Defendant's motion is **DENIED**. This case is transferred to the Federal District Court for the District of Hawaii.

**IT IS SO ORDERED**.
DATED: November 13, 2024

*/s/ Douglas Harpool*
**DOUGLAS HARPOOL**
**UNITED STATES DISTRICT JUDGE**